IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN

PETER BERNEGGER,

     Plaintiff,

     v.                        Case No. 26-CV-0551

BRANDON KAISER, DAVID M. ERWIN,
JED D. ROFFERS, MEAGAN WOLFE,
AND BEN SCHMIDT,

     Defendants.

## NOTICE OF REMOVAL TO THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF WISCONSIN, GREEN BAY DIVISION

Defendants Brandon Kaiser, David M. Erwin, Jed D. Roffers, and Meagan Wolfe (collectively the "State Defendants"),[1] by their attorneys, Joshua L. Kaul, Wisconsin Attorney General, and Assistant Attorney General Rachel Bachhuber, hereby give notice of removal of this action from the Waupaca County Circuit Court to the United States District Court for the Eastern District of Wisconsin, Green Bay Division, pursuant to 28 U.S.C. §§ 130, 1441, 1446. The grounds for removal are as follows:

---

[1] Defendant Ben Schmidt is not employed by the State.

## I.   Introduction.

1.     On March 10, 2026, Plaintiff Peter Bernegger commenced a civil action against the State Defendants in the Circuit Court of Waupaca County, Wisconsin, captioned *Peter Bernegger v. Brandon Kaiser, et al.*, Case No. 26-CV-89 (the "Complaint").

2.     In accordance with 28 U.S.C. § 1446(a), true and correct copies of all process, pleadings, and orders served on the State Defendants in the state court action as of the date of this Notice are attached as **Exhibit 1**.

3.     The Complaint is an initial pleading for purposes of 28 U.S.C. § 1446(b).

4.     The Complaint was filed on March 10, 2026, and was served on the various Defendants on various dates beginning March 12, 2026. Because this notice of removal is being filed within 30 days of the earliest service date on any defendant, it is necessarily being filed within thirty days of the date on which the State Defendants were served with a copy of the complaint. Removal of this action on this date is therefore proper and timely.

5.     As discussed below, this is a civil action over which this Court has original jurisdiction pursuant to 28 U.S.C. § 1331 because the Complaint asserts causes of action arising under federal law. Removal is therefore proper under 28 U.S.C. §§ 1441(a), (c).

2

**II. This notice is timely filed in accordance with 28 U.S.C. § 1446(b).**

6. This Notice of Removal is timely because it is filed within thirty days of the date on which the Defendants were served with a copy of the initial pleading setting forth Plaintiff's claims and causes of action. *See* 28 U.S.C. § 1446(b)(1); *see Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 353-54 (1999).

7. The civil action remains pending.

**III. Federal question jurisdiction exists under 28 U.S.C. § 1331.**

8. Under 28 U.S.C. § 1331, "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." A case arises under federal law if the "complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Empire Healthchoice Assur., Inc. v. McVeigh*, 547 U.S. 677, 689–90 (2006); *see also Trustees of Carpenters' Health & Welfare Tr. Fund of St. Louis v. Darr*, 694 F.3d 803, 806 (7th Cir. 2012).

9. Here, the Complaint asserts seven causes of action—or counts—arising under federal law:

    a. Count I of the Complaint purports to allege a First Amendment retaliation claim against the Defendants brought under 42 U.S.C. § 1983. (Ex. 1 (Complaint ¶¶ 247–280).)

b. Count II of the Complaint purports to allege a claim for denial of access to courts and right to petition in violation of the First Amendment brought under 42 U.S.C. § 1983. (Ex. 1 (Complaint ¶¶ 280–305).)

c. Count III of the Complaint purports to allege a claim for fabrication of evidence and submission of false official records in judicial proceedings in violation of the Due Process Clause of the Fourteenth Amendment brought under 42 U.S.C. § 1983. (Ex. 1 (Complaint ¶¶ 306–364).)

d. Count IV of the Complaint purports to allege a claim for "civil conspiracy under 42 U.S.C. § 1983," related to Counts I through III. (Ex. 1 (Complaint ¶¶ 365–380).)

e. Count V of the Complaint purports to allege a claim for "conspiracy to interfere with civil rights" brought under 42 U.S.C. § 1985. (Ex. 1 (Complaint ¶¶ 381–394).)

f. The Complaint omits any Count VI.

g. Count VII of the Complaint purports to allege a claim for "neglect to prevent" brought under 42 U.S.C. § 1986. (Ex. 1 (Complaint ¶¶ 395–411).)

h. Count VIII of the Complaint purports to allege a claim for "violation of constitutional right to vote and equal protection

4

through ultra vires approval and mass use of a non-prescribed national mail voter registration form" in violation of the First and Fourteenth Amendments brought under 42 U.S.C. § 1983.

10. This Court has original jurisdiction over the above-described federal causes of action in the Complaint under 28 U.S.C. § 1331.

## IV. Other removal requirements.

11. Removal to this Court is the proper venue under 28 U.S.C. § 1441(a) because the United States District Court for the Eastern District of Wisconsin, Green Bay Division, is the district and division serving the location—the County of Waupaca—where the lawsuit was commenced and is currently pending. *See* 28 U.S.C. § 130(a); https://www.wied.uscourts.gov/counties-served-division.

12. In accordance with 28 U.S.C. § 1446(d), written notice of the removal of this action, including a copy of this Notice of Removal, is being simultaneously mailed to Plaintiff Bernegger and electronically filed with the Clerk of Courts for the Circuit Court of Waupaca County, Wisconsin.

13. Undersigned counsel is authorized to represent that all Defendants join in and consent to this removal. 28 U.S.C. § 1446(b)(2)(A).

## V. Non-waiver of defenses.

14. By removing this action from the Circuit Court of Waupaca County, Wisconsin, Defendants do not waive any objections or defenses

available to them. Defendants reserve all defenses and the filing of this Notice of Removal is subject to any such defenses.

15. By removing this action from the Circuit Court of Waupaca County, Wisconsin, Defendants do not admit any of the allegations in Plaintiff's Complaint.

WHEREFORE, Defendants submit they have complied with the applicable provisions of law and hereby give notice that this action stands removed from the Circuit Court for Waupaca County, Wisconsin, to the United States District Court for the Eastern District of Wisconsin, Green Bay Division.

Dated this 1st day of April 2026.

Respectfully submitted,

JOSHUA L. KAUL
Attorney General of Wisconsin

s/ Rachel L. Bachhuber
RACHEL L. BACHHUBER
Assistant Attorney General
State Bar #1052533

Attorneys for Defendants Wolfe, Kaiser, Erwin, and Roffers

Wisconsin Department of Justice
Post Office Box 7857
Madison, Wisconsin 53707-7857
(608) 266-0188
(608) 294-2907 (Fax)
rachel.bachhuber@wisdoj.gov

6