IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN

---

PETER BERNEGGER,

      Plaintiff,

    v.                         Case No. 26-CV-551

BRANDON KAISER, ET AL.,

      Defendants.

---

**DEFENDANT MEAGAN WOLFE'S BRIEF IN SUPPORT OF MOTION
TO STRIKE PLAINTIFF'S COMPLAINT UNDER RULE 11(a) OR,
ALTERNATIVELY, FOR A MORE DEFINITE STATEMENT OF CLAIM
UNDER RULE 12(e)**

---

## INTRODUCTION

This action cannot proceed on the complaint as filed. Plaintiff Peter Bernegger filed an unsigned complaint that spans 68 pages and 459 paragraphs yet fails to provide fair notice of the claims he asserts or the conduct he attributes to each defendant. Rule 11(a) of the Federal Rules of Civil Procedure is unequivocal: an unsigned pleading "must" be stricken unless promptly corrected after notice. Bernegger has not corrected that defect. That alone requires dismissal.

Even if the Court were to overlook that threshold signature failure, the complaint also violates Rules 8 and 10 of the Federal Rules of Civil Procedure

for separate reasons. It buries any potentially relevant allegations beneath a mass of conclusory, irrelevant, and repetitive assertions, forcing both the Court and Defendant Meagan Wolfe to guess at the claims and the facts supporting them. The rules do not permit such pleadings. Because the complaint is procedurally defective and substantively unintelligible, the Court should strike and dismiss it, or at a minimum, require a more definite statement under Rule 12(e).

## BACKGROUND

Bernegger's complaint asserts seven counts against five named defendants across 459 allegations and 68 pages (excluding the summonses). (Dkt. 1-2:8–75.) Bernegger failed to sign the complaint. (Dkt. 1-2:75.)

The complaint alleges that, beginning in 2023, Bernegger pursued a mandamus action against the Wisconsin Elections Commission (the "Commission") to obtain public records and enforce Wisconsin's public-records law in Waupaca County Circuit Court Case No. 23-CV-0046. (Dkt. 1-2[1] (Compl. ¶¶ 3–4).) In that action, he sought to depose the Commission Administrator, Defendant Meagan Wolfe, whom he characterizes as a "central fact witness" regarding the "existence, custody, retention, withholding, and contents of the requested records." (Compl. ¶¶ 4–5.) He further alleges that Wolfe's testimony

---

[1] Bernegger's complaint is in the record at Docket 1-2:8–75. Hereafter, Wolfe will cite the complaint as "Compl. ¶ #."

would provide admissible evidence for dispositive motions and trial. (Compl. ¶¶ 66–67.)

Bernegger alleges that he engaged in "public" and "written" criticism of Wolfe's conduct but provides few details about the timing, form, or content of that criticism. (Compl. ¶¶ 68–74, 76.) He also alleges that he contacted Commission staff during business hours about public records and government conduct and pursued discovery in his litigation. (Compl. ¶¶ 62, 64, 68–69, 75.) According to the complaint, his publications were disseminated through social media and other online platforms. (Compl. ¶ 72.) He characterizes these activities—criticism, publication, litigation, and discovery—as protected First Amendment activity. (Compl. ¶ 71.) Bernegger asserts that Wolfe had knowledge of his public records requests, criticism, litigation activity, and "effort to obtain her deposition." (Compl. ¶¶ 84–86.)

Bernegger alleges that his advocacy and litigation exposed what he describes as "unlawful election-administration conduct," including the use of the National Mail Voter Registration Form "later found unlawful in Braun." (Compl. ¶ 75.) He alleges that he called for Wolfe's resignation and prosecution. (Compl. ¶ 76.) He also asserts that a Waukesha County court "directly named Wolfe twice" in connection with election-law violations. (Compl. ¶ 79.) According to the complaint, these activities increased Bernegger's visibility and influence in public debate over election administration. (Compl. ¶ 82.)

3

Bernegger alleges that, "upon information and belief," Wolfe reported to Commission staff and law enforcement that he posed a threat of violence, including claims that he intended to carry out an armed attack. (Compl. ¶¶ 77–78.) He asserts that these statements lacked any factual basis and were used to justify law-enforcement intervention, including the issuance of a "Warning Letter." (Compl. ¶ 78.)

According to the complaint, the Warning Letter was issued after Bernegger sought Wolfe's deposition in the state court mandamus action. (Compl. ¶ 90.) Bernegger believes that Wolfe either initiated or substantially contributed to its issuance and later ratified its use in litigation. (Compl. ¶¶ 90–94.) The letter was issued on Capitol Police letterhead, prepared and authorized by the law enforcement defendants, and delivered to Bernegger at his home on July 7, 2023. (Compl. ¶¶ 96–104, 108, 191–218.) Although Bernegger did not attach the letter to his complaint, he describes at length what the letter does *not* say. (Compl. ¶¶ 109–150.)

Bernegger asserts that the letter was later used in his mandamus action, where the Commission's counsel relied on it in seeking to limit discovery and prevent Wolfe's deposition. (Compl. ¶¶ 219–226.) According to the complaint, those filings portrayed him as having engaged in conduct warranting law-enforcement intervention. (Compl. ¶ 227.) He also alleges that he has not been charged with any offense. (Compl. ¶ 229.)

4

The complaint asserts that the use of the Warning Letter deprived him of the opportunity to depose Wolfe and to develop evidence for dispositive motions. (Compl. ¶¶ 239–243.) The complaint characterizes the Warning Letter and its use in the state court litigation as part of a coordinated effort among defendants to prevent him from obtaining Wolfe's deposition testimony. (Compl. ¶¶ 246–260, 262–265, 269.)

## ARGUMENT

This Court should strike Bernegger's unsigned complaint under Rule 11(a) and dismiss the case. Fed. R. Civ. P. 11(a). Alternatively, this Court should order Bernegger to amend his complaint and provide a more definite and concise statement of his claim under Rule 12(e). Fed. R. Civ. P. 12(e).

### I. This Court should strike Bernegger's complaint under Rule 11(a) because it is unsigned.

As the law enforcement defendants pointed out in their motion to dismiss filed on April 27, 2026, Bernegger's complaint is unsigned. (Dkt. 1-2:75; 16.) As a result, this Court should strike Bernegger's unsigned complaint and dismiss the case in its entirety under Rule 11(a) of the Federal Rules of Civil Procedure.

Under Rule 11(a), "[e]very pleading, written motion, and other paper must be signed . . . by a party personally if the party is unrepresented." Fed. R. Civ. P. 11(a). The rule is mandatory: a court "must strike an unsigned paper

unless the omission is promptly corrected after being called to the . . . party's attention." *Id.*; *Marcure v. Lynn*, 992 F.3d 625, 633 (7th Cir. 2021).

In *Marcure*, the Seventh Circuit held that striking a pro se plaintiff's unsigned response was proper where he failed to cure the deficiency within six days. 992 F.3d at 627–28. The court reasoned that Rule 11(a), by its plain terms, "is mandatory when triggered[.]" *Id.* at 628. The rule requires that a court "must strike" an unsigned filing and leaves no room for discretion once the defect is identified and not promptly cured. *Id.* In reaching its decision, the court rejected any requirement that the district court assess prejudice before striking the filing, explaining that the rule's text controls and mandates striking absent prompt correction. *Id.* at 630. Accordingly, where a plaintiff fails to sign a complaint and does not promptly correct the omission after notice, the court must strike the pleading. *Id.*

Although Bernegger originally filed his complaint in Wisconsin state court, (Dkt. 1-2), the Federal Rules of Civil Procedure "apply to a civil action after it is removed from a state court." Fed. R. Civ. P. 81(c)(1). That means that a complaint that remains unsigned upon removal is subject to Rule 11(a). *See Witzlib v. Santelle*, No. 15-CV-211-PP, 2015 WL 1281816, at \*2 (E.D. Wis. Mar. 20, 2015) (applying the Federal Rules of Civil Procedure to determine whether plaintiff properly served his complaint after removal to federal court). Bernegger's complaint remains unsigned. (Dkt. 1-2:75.) But even if this Court

applied Wisconsin law to the unsigned complaint, the rule in Wisconsin is the same as the federal rule. *See* Wis. Stat. § 802.05(1)(a); *Rabideau v. Stiller*, 2006 WI App 155, ¶ 15, 295 Wis. 2d 417, 720 N.W.2d 108 (holding that the failure to sign a pleading does not deprive the court of jurisdiction if the omission has been promptly cured under Wis. Stat. § 802.05(1)(a).).

Here, Bernegger has been on notice that his complaint is unsigned since at least April 27, 2026, when the law enforcement defendants filed their motion to dismiss. (Dkt. 16.) As the *Marcure* court explained, "Rule 11(a) does not give courts discretion to overlook a party's failure to correct promptly an unsigned filing, much less require a prejudice inquiry prior to striking such a filing." 992 F.3d at 630. Because Bernegger failed to promptly correct the omission of his signature after notice, this Court must strike his complaint in accordance with Rule 11(a). *See Marcure*, 992 F.3d at 630.

## II. Alternatively, this Court should order Bernegger to provide a more definite and concise statement of his claims under Rule 12(e).

Alternatively, this Court should order Bernegger to file an amended complaint under Rule 12(e) with a more definite and concise statement of his claims in compliance with Rules 8 and 10.

### A. Legal standard under Rule 12(e).

Under Federal Rule of Civil Procedure 12(e), "A party may move for a more definite statement of a pleading to which a responsive pleading is allowed

but which is so vague or ambiguous that the party cannot reasonably prepare a response." *Id.* The moving party "must point out the defects complained of and the details desired." *Id.*

Under Rule 12(e), a district judge may ask a plaintiff "to lay out details that enable the defendants to respond intelligently and the court to handle the litigation effectively." *Chapman v. Yellow Cab Coop.*, 875 F.3d 846, 849 (7th Cir. 2017). If a plaintiff does not comply with a reasonable order for details under Rule 12(e), a district court may dismiss the complaint with prejudice. *Id.*

The Seventh Circuit has referred to motions for a more definite statement under Rule 12(e) as "perhaps the best procedural tool available to the defendant to obtain the factual basis underlying a plaintiff's claim for relief." *Reed v. Palmer*, 906 F.3d 540, 554 (7th Cir. 2018).

**B. Bernegger's complaint violates Rules 8 and 10, and this Court should order him to provide a more definite statement of his claims.**

Bernegger's complaint violates Rules 8 and 10, and this Court should order him to provide a more definite statement of his claims under Rule 12(e).

Under Rule 8(a)(2), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). That short and plain statement must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 545 (2007) (citation omitted). Rule

8

8(d) requires that "[e]ach allegation must be simple, concise, and direct." Fed. R. Civ. P. 8(d)(1). A complaint must state its allegations in separate numbered paragraphs, "each limited as far as practicable to a single set of circumstances." Fed. R. Civ. P. 10(b). A complaint must also state "each claim founded on a separate transaction or occurrence … in a separate count" if "doing so would promote clarity." *Id*. "The primary purpose of these rules is to give defendants fair notice of the claims against them and the grounds supporting the claims." *Stanard v. Nygren*, 658 F.3d 792, 797 (7th Cir. 2011); *see also Twombly*, 550 U.S. at 545.

An unintelligible complaint of undue length does not fulfill these basic pleading requirements. As the Seventh Circuit has explained, Rule 8(a) requires parties to make their pleadings straightforward so that "judges and adverse parties need not try to fish a gold coin from a bucket of mud." *U.S. ex rel. Garst v. Lockheed-Martin*, 328 F.3d 374, 378 (7th Cir. 2003). A court may even *dismiss* a complaint that is "so long, so disorganized, so laden with cross-references and baffling acronyms, that they could not alert either the district judge or the defendants to the principal contested matters." *Id*. Similarly, "dismissal of a complaint on the ground that it is unintelligible is unexceptionable," and "[l]ength may make a complaint unintelligible, by scattering and concealing in a morass of irrelevancies the few allegations that matter." *Id*. So, "[w]here the lack of organization and basic coherence renders

a complaint too confusing to determine the facts that constitute the alleged wrongful conduct, dismissal is an appropriate remedy." *Stanard*, 658 F.3d at 798.

Bernegger's complaint does not meet the requirements of Rules 8(a)(2), (d)(1), or 10(b). The complaint contains 459 paragraphs across 68 pages and purports to raise multiple counts of retaliation, denial of access to courts and the right to petition, fabrication of evidence and submission of false official records in judicial proceedings, civil conspiracy under multiple statutes, and violation of his constitutional right to vote and equal protection through ultra vires. (Compl. ¶¶ 247–459.) At the same time, Bernegger did not even identify which of his counts he brought against which defendant(s), leaving Defendant Wolfe to guess at which claims he intended to raise against her. The overwhelming majority of the allegations are conclusory, irrelevant, or repetitive. (*See, e.g.*, Compl. ¶¶ 21–93 (complaining about a non-defendant-attorney's filings in the state court mandamus action), ¶¶ 111–130, 132, 134, 139, 143, 145, 148 (conclusory allegations about the absence of facts and what the Warning Letter does not say).)

As far as his concrete and particularized injury in support of Article III standing, it appears Bernegger's only alleged deprivation on counts 1 through 7 is a "litigation injury" based on a state court's decision to limit discovery in an ongoing public records mandamus action. (Compl. ¶¶ 240, 280, 305.) As for

10

count 8—a claim for damages for alleged "dilution of his vote" by "ultra vires" use of a "National Mail Voter Registration Form" under the First and Fourteenth Amendment—Bernegger alleges a generalized grievance not sufficiently concrete and particularized to support Article III standing and one that has no apparent connection with the other counts. (Compl. ¶¶ 412–450); *see Bost v. Illinois State Bd. of Elections*, 114 F.4th 634, 640 (7th Cir. 2024), *cert. granted*, 145 S. Ct. 2751 (2025), *and rev'd on other grounds and remanded*, 146 S. Ct. 513 (2026).

Under Rule 12(e), a district court may order a plaintiff "to lay out details that enable the defendants to respond intelligently and the court to handle the litigation effectively." *Chapman*, 875 F.3d at 849. Bernegger's complaint does the opposite. Any potentially viable allegations are buried beneath a mass of irrelevant and conclusory assertions. That is exactly the type of pleading that Rule 8's "short and plain" requirement seeks to prevent. *See Stanard*, 658 F.3d at 800. This Court and the defendants are not required "to sift through a complaint to extract some merit" when the party "who drafted it failed to do so himself." *Id.* (citing *Garst*, 328 F.3d at 378).

Because the complaint is unnecessarily long, unintelligible, and fails to provide fair notice of the claims against each defendant, the Court should order Bernegger to file a more definite and concise statement. *Chapman*, 875 F.3d at 849; Fed. R. Civ. P. 12(e), 8(a)(2), (d)(1), 10(b). That statement should

11

identify the specific claims raised against each defendant and include necessary details to allow Defendant Wolfe to respond intelligently—such as the content, form, context, and timing of his alleged protected activities, as well as the concrete and particularized injury supporting Article III standing for each claim. *See Spokeo, Inc. v. Robins*, 578 U.S. 330, 338–39 (2016); *Chapman*, 875 F.3d at 849.

## CONCLUSION

Based on the foregoing, Defendant Wolfe respectfully requests this Court to strike Bernegger's complaint and dismiss the case under Rule 11(a). Alternatively, this Court should order Bernegger to file an amended complaint that provides a more definite and concise statement of his claims. Fed. R. Civ. P. 12(e).

Dated this 11th day of May 2026.

Respectfully submitted,

JOSHUA L. KAUL
Attorney General of Wisconsin

Electronically signed by:

s/ Rachel L. Bachhuber
RACHEL L. BACHHUBER
Assistant Attorney General
State Bar #1052533

Attorneys for Defendant Wolfe

12

Wisconsin Department of Justice
Post Office Box 7857
Madison, Wisconsin 53707-7857
(608) 266-0188
(608) 294-2907 (Fax)
rachel.bachhuber@wisdoj.gov